**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| T. MATTHEW PHILLIPS,<br><br>        Plaintiff,<br><br>vs.<br><br>JUDGE VINCENT OCHOA, in His Honor's official capacity as Judicial Officer, *et al*,<br><br>        Defendants. | 2:20-cv-00272-JAD-VCF<br><br>**ORDER**<br><br>MOTION TO STAY DISCOVERY [ECF NO. 14];<br>REQUEST FOR JUDICIAL NOTICE [ECF NO. 22];<br>MOTION TO STRIKE ECF NO. 22 REQUEST FOR JUDICIAL NOTICE [ECF NO. 29] |

Before the Court are defendants Judge Vincent Ochoa and the State of Nevada's (1) motion to stay discovery (ECF No. 14) and (2) motion to strike plaintiff's ECF No. 22 request for judicial notice related to the motion to stay discovery (ECF No. 29). Also before the Court is plaintiff T. Matthew Phillips's request for judicial notice in support of his response to the motion to stay. (ECF No. 22). The defendants' motions are denied and plaintiff's request for judicial notice is denied.

**I.    Background**

Plaintiff T. Matthew Phillips filed a 42 U.S.C. § 1983 complaint against the defendants, alleging they violated his First Amendment rights when Judge Ochoa and/or his staff blocked Phillips from his judicial reelection campaign page on Facebook because Phillips posted commentary critical of Judge Ochoa and urged voters not to reelect him. (ECF No. 1). Plaintiff Phillips is a litigant in a divorce proceeding in Judge Ochoa's courtroom. (*Id*.) Plaintiff also has a pending motion for a preliminary injunction. (ECF No. 9). Defendant filed a motion to dismiss (ECF No. 11) and moves to stay discovery pending resolution of its motion dismiss. (ECF No. 14).

1

1   Defendants argue in their motion to stay discovery that the pending motion to dismiss will
2   dispose of the entire case because blocking litigants in Judge Ochoa's courtroom from posting
3   comments on Judge Ochoa's reelection Facebook page is viewpoint-neutral because it prevents ex parte
4   communications. (ECF No. 14 at 5). Plaintiff argues in his response there are factual issues that need to
5   be resolved, because the Facebook page is open to the public and either Judge Ochoa or his staff deleted
6   his comments urging others not to vote for Judge Ochoa, which he argues is not an ex parte
7   communication. (ECF No. 21 at 6). The defendants argue in their reply that discovery would be futile
8   because all plaintiffs' claims fail as a matter of law, and that their argument regarding Judge Ochoa
9   deleting plaintiff's comments are not an admission of fact, but rather an argument in the alternative.
10  (ECF No. 25 at 1 and 3).

11  Plaintiff argues in his request for judicial notice in support of his response to the motion to stay
12  that this Court should take judicial notice of an excerpt from a sworn statement from Judge Ochoa in
13  connection with Clark County Family Case No. T-18-191733-T. (ECF No. 22). The defendants argue in
14  their response that plaintiff's request for judicial notice is improper because the document is redacted.
15  (ECF No. 28 at 2). The defendants also filed a motion to strike plaintiff's request for judicial notice as
16  an improper sur-reply. (ECF No. 29 at 2). Plaintiff argues in his response/reply that he only provided an
17  excerpt because he redacted the portion of Judge Ochoa's sworn statement that concerns his divorce
18  case. (ECF Nos. 30 and 31).

19  **II.   Analysis**
20      a. **Motion to Stay**

21  When evaluating a motion to stay discovery while a dispositive motion is pending, the court
22  initially considers the goal of Federal Rule of Civil Procedure 1: the Rules "should be construed,
23  administered, and employed by the court and the parties to secure the just, speedy, and inexpensive
24  determination of every action[.]"  The Rules do not provide for automatic or blanket stays of discovery
25

when a potentially dispositive motion is pending.  *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 502 (D. Nev. 2013).  Whether to grant a stay is within the discretion of the court.  *Munoz-Santana v. U.S. I.N.S.*, 742 F.2d 561, 562 (9th Cir. 1984).  "[A] party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied."  *Ministerio Roca Solida*, 288 F.R.D. at 503.

Courts in the District of Nevada apply a two-part test when evaluating whether a discovery stay should be imposed.  *See TradeBay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011).  First, the pending motion must be potentially dispositive of the entire case or at least the issue on which discovery is sought. *Id.* Second, the court must determine whether the pending motion to dismiss can be decided without additional discovery. *Id.* When applying this test, the court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Id.*  "[D]iscovery should be stayed while dispositive motions are pending 'only when there are no factual issues in need of further immediate exploration[.]'" *Solida v. United States Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 20130; citing to *Hachette Distribution, Inc. v. Hudson Cty. News Co.*, 136 F.R.D. 356, 357 (E.D.N.Y. 1991). Imposing a stay of discovery pending a motion to dismiss is permissible if the court is "convinced" that the plaintiff is unable to state a claim for relief.  *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981); see also *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984).

Social media is entitled to the same First Amendment protections as other forms of media. *Packingham v. North Carolina*, 137 S. Ct. 1730, 1735-36, 198 L. Ed. 2d 273 (2017) (holding a state statute preventing registered sex offenders from accessing social media sites invalid and describing social media use as "protected First Amendment activity"). "[W]hatever the challenges of applying the Constitution to ever-advancing technology, 'the basic principles of freedom of speech and the press, like the First Amendment's command, do not vary' when a new and different medium for communication appears." *Brown v. Entm't Merchants Ass'n*, 564 U.S. 786, 790, 131 S. Ct. 2729, 180 L. Ed. 2d 708

(2011) (quoting *Joseph Burstyn, Inc. v. Wilson*, 343 U.S. 495, 503, 72 S. Ct. 777, 96 L. Ed. 1098 (1952)). "The First Amendment does not permit a public official who utilizes a social media account for all manner of official purposes to exclude persons from an otherwise-open online dialogue because they expressed views with which the official disagrees." *Knight First Amendment Inst. at Columbia Univ. v. Trump*, 928 F.3d 226, 230 (2d Cir. N.Y. July 9, 2019) (Affirming the district court's holding that President Donald Trump's practice of blocking critics from his Twitter account violates the First Amendment.)

  The Court is not convinced that the plaintiff is unable to state a claim for relief or that the defendants' motion to dismiss is dispositive of the entire case. Plaintiff claims he posted comments on Judge Ochoa's re-election Facebook imploring voters not to vote for him and that either Judge Ochoa, or his staff, deleted plaintiff's posts and blocked him. Social media enables ordinary citizens to speak directly to elected officials and to listen to and debate others about public issues, such as whether to support elected officials running for re-election, the same way they could if they were gathered on a sidewalk or in a public park.

  Plaintiff alleges that Judge Ochoa's re-election Facebook page is accessible to all and Judge Ochoa and/or his staff took advantage of Facebook's interactive platform to directly engage with potential voters. Defendant's argument in the alternative, that Judge Ochoa deleted his comments as ex parte communications, does not change the analysis, because plaintiff alleges he engaged with potential voters on an interactive public page to express his opinion that they should not vote for Judge Ochoa. Plaintiff's Facebook messages, imploring voters not to vote for Judge Ochoa, are not communications directed at Judge Ochoa about plaintiff's divorce case. After a "preliminary peek" and considering the goals of Rule 1, the Court finds that plaintiff's complaint is not devoid of all merit. Granting a stay of discovery would further delay the resolution of this case. Discovery will not be stayed pending the outcome of defendants' motion to dismiss.

### b. Request for Judicial Notice and Motion to Strike

Federal Rule of Evidence 201 provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Rule 201(c)(2) states that the court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Rule 201(d) provides that "[t]he court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d). Courts "may take judicial notice of undisputed matters of public record," including filings in federal or state courts. *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012).

The plaintiff asks the Court to take judicial notice of small excerpts from an alleged court record, but because the court record is heavily redacted and includes plaintiff's pen markings, the Court cannot readily determine the source of the record and its accuracy is questionable because of the omissions and markings. The Court denies the plaintiff's request to take judicial notice of the attached excerpts.

The defendants argue that plaintiff's request to take judicial notice should be stricken because his request constitutes an improper sur-reply to a reply brief in violation of LR 7-2(b). The plaintiff's request for judicial notice is not a sur-reply to the defendants' reply because the plaintiff filed his request for judicial notice (ECF No. 22) several days before the defendants filed their reply (ECF No. 25). The Court denies the defendants' motion to strike the plaintiff's request for judicial notice in support of his response to the motion to stay discovery.

Accordingly,

IT IS ORDERED that the defendants' motion to stay discovery (ECF No. 14), pending the resolution of the motion to dismiss, is DENIED.

IT IS FURTHER ORDERED that the plaintiff's request for judicial notice (ECF No. 22) is DENIED.

IT IS FURTHER ORDERED that the defendants' motion to strike (ECF No. 29) is DENIED.

DATED this 12th day of June 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE