# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

T. Matthew Phillips,

     Plaintiff

v.

Judge Vincent Ochoa, et al.,

     Defendants

Case No.: 2:20-cv-00272-JAD-VCF

**Order Dismissing Claims with Instruction to Seek Limited Leave to Amend, Resolving Related Motions, and Ordering Phillips to Show Case Why His Claim Against Clark County Should Not be Dismissed**

[ECF Nos. 9, 11, 24, 33, 36]

Pro se plaintiff T. Matthew Phillips brings this civil-rights action under 42 U.S.C. § 1983, claiming that his First Amendment right to free speech was violated when Nevada state court judge Vincent Ochoa deleted comments that Phillips posted on the judge's re-election campaign's Facebook page and blocked Phillips from accessing that page.[1]  Phillips also claims that Clark County and the State of Nevada failed to train elected officials like Judge Ochoa on how to not exclude dissenting voices like his in a public forum.[2]  Judge Ochoa and the State of Nevada each waived service of the summons and complaint.[3]  Clark County has not appeared in this action and there is no evidence that Phillips has served it with process.

Judge Ochoa and the State of Nevada move under Federal Rule of Civil Procedure 12(b)(6) to dismiss Phillips's claims, advancing several reasons why he has not stated a viable claim against either of them.[4]  They also move to dismiss under Rule 12(b)(1), arguing that

---

[1] ECF No. 1 at ¶¶ 11–51.

[2] *Id.* at ¶¶ 52–61.

[3] ECF No. 7.

[4] ECF No. 11.

Phillips's claims are moot because Judge Ochoa has been re-elected and wants to delete the Facebook page.[5]  In conjunction with his response to defendants' Rule 12(b)(6) dismissal motion, Phillips asks me to take judicial notice of a document that he contends is an affidavit that Judge Ochoa filed in another case.[6]  Defendants oppose and move to strike Phillips's request for judicial notice.[7]  Phillips moves for a preliminary injunction prohibiting Judge Ochoa from precluding "critics" from accessing and commenting on the "Re-elect Vincent Ochoa for Family Court Judge, Department S" Facebook page.[8]

The parties also filed a couple of other motions that are related to discovery issues,[9] and Phillips recently moved to disqualify counsel for Judge Ochoa and the State of Nevada, arguing that the attorney is a witness in this case.[10]  I do not address these three motions in this order.

The upshot of the motions and matters that I do resolve in this order is that I deny Judge Ochoa and the State of Nevada's Rule 12(b)(1) dismissal motion because the issue that Phillips raised has not been mooted.  I grant those defendants' Rule 12(b)(6) dismissal motion in part.  Phillips's claim against the State of Nevada is dismissed with prejudice and without leave to amend.  Phillips's prayer for damages against Judge Ochoa is likewise dismissed with prejudice and without leave to amend.  Phillips's claim against Judge Ochoa is also dismissed, but I give Phillips ten days to file a motion for leave to amend that claim.  I deny Phillips's request to take judicial notice of the affidavit and, thus, deny as moot defendants' motion to strike that request.

---

[5] ECF No. 36.

[6] ECF No. 24.

[7] ECF No. 33.

[8] ECF No. 9.

[9] ECF Nos. 39 (Phillips's motion for sanctions), 57 (Ochoa's motion for a protective order).

[10] ECF No. 61 (Phillips's motion to disqualify counsel).

1  I give Phillips ten days to show cause why his claim against Clark County should not be

2  dismissed under Rule 4(m) for failing to timely serve that defendant with process.  Finally, I

3  deny Phillips's motion for a preliminary injunction because his pleading deficiencies preclude

4  me from concluding that he has stated a colorable claim for relief against Judge Ochoa.

5  **I.      Defendants' Rule 12(b)(1) motion to dismiss is denied [ECF No. 36].**

6          Judge Ochoa and the State of Nevada argue that Phillips's claims have been mooted by

7  the fact that Judge Ochoa has been re-elected and he wants to delete the Facebook page.[11]  "Mere

8  voluntary cessation of allegedly illegal conduct does not moot a case; if it did, the court would be

9  compelled to leave 'the defendant . . . free to return to his old ways.'"[12]  But "[a] case might

10 become moot if subsequent events made it absolutely clear that the alleged wrongful behavior

11 could not be reasonably expected to recur."[13]  "[T]he heavy burden of persuasion" to show that

12 the conduct could not be reasonably expected to recur falls on the party advocating mootness.[14]

13         Nevada law requires that when a candidate for "[t]he office of judge of a district court"

14 "receives a majority of the votes cast in the primary election[,]" that "candidate must be declared

15 the only nominee for the office and only his or her name must be placed on the ballot for the

16 general election."[15]  It is not disputed that Judge Ochoa obtained a majority of the votes cast for

17 Clark County's judicial Department S in the primary election.  This means that Judge Ochoa's

18 name will be the only one placed on the ballot for the general election for that department.

19

20

---

[11] ECF No. 36.

[12] *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968) (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 632 (1953)).

[13] *Id.*

[14] *Id.*

[15] Nev. Rev. Stat. § 293.260(5).

3

Although what remains is a formality under Nevada law, Judge Ochoa has not technically been re-elected yet. But even if Judge Ochoa had been re-elected, that fact alone has no bearing on whether the challenged conduct can reasonably be expected to recur, which is what the mootness doctrine requires me to consider. Defendants do not offer any evidence to show that Judge Ochoa will not run for re-election once his term expires or will never again run for any other elected office. Nor is there any evidence that Judge Ochoa will not engage in similar conduct on the same or any other social-media platform. Because defendants have not discharged their burden, I deny their Rule 12(b)(1) dismissal motion.

## II.   Defendants' Rule 12(b)(6) motion to dismiss is granted in part [ECF No. 11].

### A.   *Legal standard*

Federal Rule of Civil Procedure 8 requires every complaint to contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[16] While Rule 8 does not require detailed factual allegations, the properly pled claim must contain enough facts to "state a claim to relief that is plausible on its face."[17] This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; the facts alleged must raise the claim "above the speculative level."[18] In other words, a complaint must make direct or inferential allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[19]

District courts employ a two-step approach when evaluating a complaint's sufficiency on a Rule 12(b)(6) motion to dismiss. The court must first accept as true all well-pled factual

---

[16] Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[17] *Twombly*, 550 U.S. at 570.

[18] *Iqbal*, 556 U.S. at 678.

[19] *Twombly*, 550 U.S. at 562 (quotation omitted).

allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption

of truth.[20]  Mere recitals of a claim's elements, supported by only conclusory statements, are

insufficient.[21]  The court must then consider whether the well-pled factual allegations state a

plausible claim for relief.[22]  A claim is facially plausible when the complaint alleges facts that

allow the court to draw a reasonable inference that the defendant is liable for the alleged

misconduct.[23]  A complaint that does not permit the court to infer more than the mere possibility

of misconduct has "alleged—but not shown—that the pleader is entitled to relief," and it must be

dismissed.[24]

> **B.** **_Phillips's claim against Judge Ochoa fails the state-actor requirement._**

To state a colorable § 1983 claim, a plaintiff must allege two essential elements: (1) the

violation of a right secured by the Constitution or laws of the United States and (2) that the

alleged violation was committed by a person acting under color of state law.[25]  Judge Ochoa

provides several arguments for why Phillips does not state a viable claim against him under

§ 1983.[26]  I consider only one of Judge Ochoa's arguments at this stage because it is meritorious

and requires dismissal of the first claim: Phillips has not alleged facts sufficient to raise a

reasonable inference that Judge Ochoa acted under the color of state law when he barred Phillips

---

[20] _Iqbal_, 556 U.S. at 678–79.

[21] _Id._

[22] _Id._ at 679.

[23] _Id._

[24] _Twombly_, 550 U.S. at 570.

[25] _See West v. Atkins_, 487 U.S. 42, 48 (1988).

[26] ECF No. 11.

and his comments from the Facebook page.[27]  Because I resolve Phillips's first claim on the state-actor element, I do not reach Judge Ochoa's other arguments for dismissing that claim.

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possibly only because the wrongdoer is clothed with the authority of state law.'"[28]  "[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities [under] state law."[29]  Courts must examine the totality of the circumstances to determine if the state official committed the conduct at issue under the color of state law.[30]

Recently, several courts have considered whether state officials acted in their official capacities when they barred people or their comments from social-media accounts related to the officials or their offices.  Although none of the recent decisions on this topic are binding in this case, the rationales of the Second and Fourth Circuit Courts of Appeals are persuasive and serve as helpful guideposts for navigating what must be pled to raise a reasonable inference that an official acted under the color of state law on a social-media account.

### 1.    The Second Circuit's decision in <u>Knight</u>

Although it is not a § 1983 case, *Knight First Amendment Institute at Columbia University v. Trump* is instructive here because one issue that the appellate court addressed is whether, in blocking users from his @realDonaldTrump Twitter account, the U.S. President acted in a governmental capacity.[31]  The Second Circuit concluded that "[t]he government's

---

[27] *Id.* at 5–6.

[28] *West*, 487 U.S. at 49 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[29] *Id.* at 50 (collecting cases).

[30] *Howerton v. Gabica*, 708 F.2d 380, 384 (9th Cir. 1983).

[31] *Knight First Amend. Inst. at Columbia Univ. v. Trump*, 928 F.3d 226, 234–36 (2d Cir. 2019).

contention that the President's use of the [a]ccount during his presidency is private[,] founders in the face of the uncontested evidence in the record of substantial and pervasive government involvement with, and control over, the [a]ccount."[32]

The court recounted many reasons why the President's conduct on his Twitter account is, at least during his presidency, performed in a governmental capacity.  It first examined how the account is presented: "as belonging to, and operated by the President."[33]  Next, the court considered how the account was used, summarizing that, "since he took office, the President has consistently used the Account as an important tool of governance and executive outreach."[34]  It found "that the factors pointing to the public, non-private nature of the [a]ccount and its interactive features [were] overwhelming."[35]  But, the Second Circuit acknowledged, "not every social media account operated by a public official is a government account."[36]  It attuned that the analysis "will in most instances be a fact-specific inquiry[,]"[37] and "[t]he outcome of that inquiry will be informed by how the official describes and uses the account; to whom the features of the account are made available; and how others, including government officials and agencies, regard and treat the account."[38]

. . .

---

[32] *Id.* at 235.

[33] *Id.*

[34] *Id.* at 236.

[35] *Id.*

[36] *Id.*

[37] *Id.*

[38] *Id.*

### 2.     *The Fourth Circuit's decision in <u>Davison</u>*

Six months before the Second Circuit decided *Knight*, the Fourth Circuit issued its opinion in *Davison v. Randall*.[39]  *Davison* is a § 1983 case that asks whether Virginia state official Phyllis Randall—the Chair of Loudoun County's Board of Supervisors—violated the First Amendment when she temporarily blocked Brian Davison, one of her constituents, "from the 'Chair Phyllis J. Randall' Facebook page that she administered."[40]  The Fourth Circuit affirmed the district court's conclusion that Randall had acted under the color of state law when she blocked Davison from the Facebook page.  The Fourth Circuit reached this conclusion based on its examination of the totality of the circumstances.

The circumstances that the court examined in *Davison* include the fact that Randall "created and administered the Chair's Facebook Page to further her duties as a municipal official."[41]  It also considered the fact that she used the page "as a tool of governance" and through it "provide[d] information to the public about her and the Loudoun Board's official activities and solicit[ed] input from the public on policy issues [that] she and the Loudoun Board confront[ed]."[42]  The court explained that Randall also used the Facebook page "to inform the public about serious public safety events and to keep her constituents abreast of the [c]ounty's response to a snowstorm and to coordinate snow removal activities."[43]

---

[39] *Davison v. Randall*, 912 F.3d 666 (4th Cir. 2019).

[40] *Id.* at 673.

[41] *Id.* at 680.

[42] *Id.*

[43] *Id.*

The Fourth Circuit considered the fact that Randall "swathed the Chair's Facebook Page in the trappings of her office . . . ."[44]  Randall did this by (1) including her official title in the page's title, (2) categorizing the page as belonging to a "government official," (3) listing her county-provided contact information, (4) listing the county's official website, (5) addressing many of her posts to "Loudoun," (6) submitting some of her posts "on behalf of the Loudoun Board as a whole[,]" (7) asking constituents to use the Facebook Page as a channel for 'back and forth constituent conversations[,]'" and (8) posting content that "has a strong tendency toward matters related to Randall's office."[45]  Finally, the court considered important the fact that Randall's act of excluding Davison was "linked to events [that] arose out of h[er] official status."[46]  Put more simply, Randall barred Davison from the Facebook page after he commented on a post that she made as an official—"inform[ing] the public about what happened at the Loudon Board and Loudoun County School Board's joint meeting."[47]

### 3.   Applying the _Knight_ and _Davison_ factors to these circumstances

I am persuaded by the analyses in _Knight_ and _Davison_ and I adopt those courts' rationales.[48]  I distill from those cases a non-exhaustive list of questions that courts should consider in determining whether an official acted under the color of state law on a social-media

---

[44] _Id._ at 680 (brackets omitted, quoting _Davison v. Randall_, 267 F. Supp. 3d 702, 714 (E.D. Va. 2017)).

[45] _Id._ at 680–81 (brackets omitted, quoting _Davison_, 267 F. Supp. 3d at 714).

[46] _Id._ at 681.

[47] _Id._

[48] As the parties point out in their briefs, numerous district courts have considered and applied the factors from _Knight_ and _Davison_ in cases like this one.  _See, e.g._, _Faison v. Jones_, 440 F. Supp. 3d 1123 (E.D. Cal. 2020); _Garnier v. Poway Unified Sch. Dist._, No. 17-2215, 2019 WL 4736208 (S.D. Cal. Sept. 26, 2019).  I have reviewed and considered many of those cases, including the ones cited by the parties.

account: (1) how is the account presented; (2) how is the account used; (3) how is the account categorized; (4) how is the account treated and regarded by others, especially other governmental officials and agencies; (5) to whom are the features of the account made available; and (6) did the events giving rise to plaintiff's claim arise out of the defendant's official status.

I will now apply these factors in determining whether Phillips's allegations are sufficient to raise a reasonable inference that Judge Ochoa acted under the color of state law when he barred Phillips and his comments from the Facebook page.

Phillips's complaint contains few facts about the Facebook page.[49]  He alleges that Judge Ochoa "maintains Facebook judicial reelection campaign pages" and "invites all members of the general public to post commentaries on" it.[50]  He also states that Judge Ochoa is "an elected official" and a "state actor."[51]  As for the conduct at issue, Phillips alleges that he "posted comments of and concerning [Judge] Ochoa at His Honor's reelection campaign pages on Facebook."[52]  Phillips contends that his "comments were very critical of the judge's record" and that he "strongly urged folks to *not* vote for the candidate."[53]  According to Phillips, Judge Ochoa deleted Phillips's comments and then blocked him from the Facebook page.[54]

Phillips's allegations are not sufficient to raise a reasonable inference that Judge Ochoa acted under the color of state law when he blocked Phillips and his comments from the Facebook

---

[49] *See* ECF No. 1 at ¶¶ 11–51.  Phillips's complaint largely contains legal conclusions, which are not entitled to the assumption of truth, and the reasons why Phillips posted on Judge Ochoa's Facebook page and wants to continue doing so: Phillips is a party in a family court matter that is pending before Judge Ochoa and he contends that the judge grossly mishandled that matter.

[50] *Id.* at ¶¶ 14, 47.

[51] *Id.* at ¶ 15.

[52] *Id.* at ¶ 44.

[53] *Id.*

[54] *Id.* at ¶ 45.

page.  The fact that Judge Ochoa is a government official and maintains a Facebook page is not enough: "not every social media account operated by a public official is a government account."[55]  Phillips concludes—but has not pled any true facts to show—that Judge Ochoa's conduct about the Facebook page was clothed in the authority of state law.  Phillips's claim against Judge Ochoa is therefore dismissed under Rule 12(b)(6) for failing to state a claim upon which relief can be granted.

The question that remains with this claim is whether Phillips should be granted leave to amend to cure this deficiency.  Phillips has not sought leave to amend, and the time for him to amend once as a matter of course has expired.[56]  I decline to analyze whether amendment is merited in the first instance.  Thus, Phillips has until August 31, 2020, to file a motion for leave to amend under Rule 15(a)(2) and Local Rule 15-1.  Phillips is cautioned that, in deciding if leave to amend is merited, courts consider whether there is evidence of delay, undue prejudice to the opposing party by virtue of allowing the amendment, and bad faith or dilatory motive on the part of the movant and if amendment would be futile.[57]  Phillips must show that he can plead true facts to raise a reasonable inference that Judge Ochoa acted under the color of state law when he barred Phillips and his comments from the Facebook page.  Phillips must attach his proposed amended complaint as an exhibit to his motion for leave to amend as the local rule requires.

---

[55] *See Knight*, 928 F.3d at 236.

[56] *Compare* Fed. R. Civ. P. 15(a)(1) (providing plaintiff the earlier of 21 days after service of the complaint or a motion under Rule 12(b) to amend as a matter of course), *with* ECF No. 1 (complaint filed 02/07/2020), *and* ECF No. 11 (Rule 12(b)(6) motion filed 04/09/2020).

[57] *U.S. v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

1    **C.**      ***Phillips's prayer for damages against Judge Ochoa is dismissed with prejudice.***

2    Phillips sues Judge Ochoa only in his official capacity as "a family court judge" in the

3    "Eighth Judicial District [Court]."[58]  He seeks both injunctive relief and damages on his claim

4    against the judge.[59]  In Nevada, family court judges are district court judges who sit in the family

5    court division and derive their powers from the Constitution of the State of Nevada.[60]  Judge

6    Ochoa is therefore a state official.  It has long been settled law that "neither a State nor its

7    officials acting in their official capacities are 'persons' under § 1983."[61]  This means that Phillips

8    cannot recover damages for his official-capacity claim against Judge Ochoa.[62]  I therefore

9    dismiss with prejudice and without leave to amend Phillips's prayer for damages against Judge

10   Ochoa.

11   **D.**      ***Phillips's claim against the State of Nevada is dismissed with prejudice.***

12   With his second claim for relief, Phillips seeks to hold Clark County and the State of

13   Nevada liable for his exclusion from the Facebook page under a failure-to-train theory of

14   liability.  Phillips's claim against the State of Nevada is a nonstarter because, as I explained

15   above, the State of Nevada is not a viable defendant under § 1983.[63]  Phillips's claim against the

16   State of Nevada is therefore dismissed with prejudice and without leave to amend.

17

18   [58] *See, e.g.*, ECF No. 1 at ¶¶ 4, 11.

19   [59] *Id.* at ¶ 62.

20   [60] *Landreth v. Malik*, 251 P.3d 163, 179–88 (Nev. 2011) ("conclud[ing] that in Nevada, a judge sitting in the family division is a district court judge who retains his or her judicial powers derived from the [Nevada] Constitution to dispose of justiciable controversies").

21   [61] *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

22   [62] *See id.* at n.10 (explaining that a state official sued in his official capacity and for injunctive
23   relief is a person under § 1983 because "official-capacity actions for prospective relief are not treated as actions against the State").

[63] *Id.*

### III.     Phillips's motion for a preliminary injunction is denied [ECF No. 9].

Phillips moves for a preliminary injunction prohibiting Judge Ochoa from censoring his "critics" by blocking them or deleting their comments from the Facebook page.[64]  A preliminary injunction is an "extraordinary" remedy and "never awarded as of right."[65]  The Supreme Court clarified in *Winter v. Natural Resources Defense Council, Inc.* that, to obtain an injunction, the plaintiff "must establish that [he] is likely to succeed on the merits, that [he] is likely to suffer irreparable injury in the absence of preliminary relief, that the balance of equities tips in [his] favor, and that an injunction is in the public interest."[66]  But this general standard has been modified depending on the context and the nature of the parties at issue in the case.  "'[I]n the First Amendment context, the moving party bears the initial burden of making a colorable claim that [his] First Amendment rights have been infringed, or are threatened with infringement, at which point the burden shifts to the government to justify the restriction.'"[67]

As I explained above in resolving defendants' Rule 12(b)(6) dismissal motion, Phillips has not stated a colorable claim against Judge Ochoa because he has not alleged facts sufficient to raise a reasonable inference that the judge acted under the color of state law when he barred Phillips and his comments from the Facebook page.  This pleading deficiency prevents me from concluding that Phillips has stated a colorable claim against Judge Ochoa.  Phillips's motion for a preliminary injunction is thus denied.

---

[64] ECF No. 9 at 19.

[65] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

[66] *Id.* at 20.

[67] *Doe v. Harris*, 772 F.3d 563, 570 (9th Cir. 2014) (quoting *Thalheimer v. City of San Diego*, 645 F.3d 1109, 1115 (9th Cir. 2011)).

**IV.    The request for judicial notice and motion to strike it are denied [ECF Nos. 24, 33].**

In conjunction with his response to defendants' Rule 12(b)(6) dismissal motion, Phillips asks me to take judicial notice of what he contends is an affidavit that Judge Ochoa submitted in a state-court matter.[68]  I deny Phillips's request because, as defendants argue,[69] the document that he provides is so redacted and edited that its veracity cannot be confirmed and the request is more properly styled as an unauthorized sur-reply because it argues that Judge Ochoa made a prior inconsistent statement.[70]  I further deny Phillips's request because, even if I took judicial notice of the document and its contents, that would not elevate Phillips's pleading from factually deficient to sufficient.  Because I deny Phillips's request for judicial notice, I deny as moot defendants' motion to strike it.[71]

**V.    Phillips must show cause why his claim against Clark County should not be dismissed for failing to timely serve that defendant with process.**

Rule 4(m) requires service of the summons and complaint to be completed within 90 days of the complaint's filing, and "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[72]

---

[68] ECF No. 24.  Apparently, the matter the affidavit comes from concerns Phillips's unsuccessful attempt to have Judge Ochoa disqualified from the family court matter that Phillips is a party to. *See id.* at 2.

[69] ECF No. 33.

[70] Phillips does not identify the statement that Judge Ochoa supposedly made in this case that is inconsistent with the contents of his proffered document.

[71] ECF No. 33.

[72] Fed. R. Civ. Proc. 4(m).

14

1    Rule 4(c)(1) further makes it clear that "[t]he plaintiff is responsible for having the summons and

2    complaint served within the time allowed under Rule 4(m)."[73]

3         Phillips filed his complaint on February 7, 2020,[74] and the Clerk of Court issued

4    summonses to all defendants that day.[75]  Clark County has not appeared in this case and there is

5    no evidence in the record that Phillips timely served that defendant with the summons and

6    complaint.  It has been well over 90 days since Phillips filed his complaint.  Phillips must

7    therefore show cause in writing by August 31, 2020, why his claim against Clark County should

8    not be dismissed under Rule 4(m) for failing to serve that defendant with process.

9                                          **Conclusion**

10        **IT IS THEREFORE ORDERED** that defendants' Rule 12(b)(1) motion to dismiss **[ECF**

11   **No. 36] is DENIED**.

12        **IT IS FURTHER ORDERED** that defendants' Rule 12(b)(6) motion to dismiss **[ECF No.**

13   **11] is GRANTED in part**.  Phillips's claim against the State of Nevada is dismissed with

14   prejudice and without leave to amend.  Phillips's prayer for damages against Judge Ochoa is

15   dismissed with prejudice and without leave to amend.  Phillips's claim against Judge Ochoa is

16   dismissed with instruction that Phillips has until **August 31, 2020**, to **FILE a motion** under

17   Rule 15(a)(2) and Local Rule 15-1 for leave to amend that claim, demonstrating that he can

18   plead true facts to show that Judge Ochoa acted under the color of state law when he barred

19   Phillips and his comments from the Facebook page.  Phillips must attach his proposed amended

20   complaint as an exhibit to his motion for leave to amend.

21

22   _____

     [73] Fed. R. Civ. Proc. 4(c).

23   [74] ECF No. 1.

     [75] ECF No. 4.

1    IT IS FURTHER ORDERED that Phillips's motion for a preliminary injunction **[ECF**
2 **No. 9]** and request for judicial notice **[ECF No. 24] are DENIED**.

3    IT IS FURTHER ORDERED that defendants' motion to strike Phillips's request for
4 judicial notice **[ECF No. 33] is DENIED as moot.**

5    IT IS FURTHER ORDERED that Phillips has until **August 31, 2020**, to show cause in
6 writing why his claim against Clark County should not be dismissed under Rule 4(m) for failing
7 to timely serve that defendant with process.

8    _____
     U.S. District Judge Jennifer A. Dorsey
9    Dated: August 20, 2020