UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| T. Matthew Phillips, | Case No.: 2:20-cv-00272-JAD-VCF |
|---|---|
| Plaintiff | |
| v. | **Order Denying Plaintiff's Motion for Leave to Amend and for Sanctions and Closing Case** |
| Judge Vincent Ochoa, et al., | |
| Defendants | [ECF Nos. 39, 66] |

Pro se plaintiff T. Matthew Phillips brings this civil-rights action under 42 U.S.C. § 1983, claiming that his First Amendment right to free speech was violated when Nevada state court judge Vincent Ochoa deleted Phillips's comments and blocked him from accessing the judge's election-campaign Facebook pages.[1] I previously dismissed Phillips's claims, denied his motion for a preliminary injunction, and ordered him to show cause why he failed to serve defendant Clark County.[2] But I authorized him to seek leave to amend his complaint on the condition that he plead true facts raising a reasonable inference that Judge Ochoa acted under color of state law in barring Phillips from the Facebook pages.[3]

Phillips now seeks leave to file his amended complaint[4] and sanctions against Judge Ochoa and his counsel under Federal Rule of Civil Procedure 11,[5] claiming that the judge filed a spurious emergency motion without abiding by this district's local rules and engaged in

---

[1] ECF No. 68 (proposed first amended complaint). This is merely a summary of facts alleged in the complaint and should not be construed as findings of fact.

[2] ECF No. 64 (dismissal order).

[3] *Id.* at 11.

[4] ECF No. 66 (motion for leave).

[5] ECF No. 39 (motion for sanctions).

discovery misconduct. Judge Ochoa opposes both motions, arguing that (1) Phillips has failed to cure the pleading deficiencies identified in my prior dismissal order; (2) his actions smack of bad faith; and (3) he has failed to comply with Rule 11's safe-harbor provision, allege sanctionable conduct, or seek an appropriate sanction. I find that Phillips's proposed amended complaint confirms that Judge Ochoa did not act under color of state law in blocking Phillips from his election-campaign pages, so I deny his motion for leave to amend and dismiss his claims with prejudice. I also find that Phillips failed to comply with Rule 11's mandatory safe-harbor provision and thus deny his request for sanctions.

## Discussion

### I. Motion for leave to amend [ECF No. 66]

Federal Rule of Civil Procedure 15(a)(2) directs that courts "should freely give leave [to amend] when justice so requires." In determining whether to grant leave to amend, courts consider five factors: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint.[6] Futility alone can justify denial of a motion to amend.[7] Judge Ochoa argues that I should deny Phillips's motion for leave to amend because his new factual allegations fail to state a § 1983 claim and his motion was brought in bad faith.[8] While Phillips fails to explicitly oppose the second basis, he claims that his amended complaint contains sufficient facts demonstrating that Judge Ochoa acted under

---

[6] *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

[7] *Carrico v. City & Cnty. of S.F.*, 656 F.3d 1002, 1008 (9th Cir. 2011); *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010).

[8] ECF No. 70.

color of state law when he blocked Phillips from the campaign pages.[9]  I find that granting Phillips leave to amend his complaint would be futile.

### A. Section 1983 claims and social-media conduct

The First Amendment, by its terms, prohibits only governmental abridgment of speech.[10] To state a colorable § 1983 claim, a plaintiff must allege two elements: (1) the violation of a right secured by the Constitution or laws of the United States and (2) that the alleged violation was committed by a person acting under color of state law.[11]  Because "§ 1983 excludes from its reach merely private conduct,"[12] a plaintiff must demonstrate that the defendant "exercised power 'possessed by virtue of state law and made possible only because the [defendant] is clothed with the authority of state law."[13]  Courts examine the totality of the circumstances to determine if the state official committed the conduct at issue with the imprimatur of the state.[14]

While the Ninth Circuit has yet to definitively address whether a government official who blocks or restricts commentors on his social-media page can be liable under § 1983 for First Amendment violations, multiple circuit courts have provided helpful reasoning on this topic.  In my prior dismissal order, I synthesized two of these decisions—*Davison v. Randall*[15] and *Knight*

---

[9] ECF No. 64 at 5–6.

[10] *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928–30 (2019) ("When the government provides a forum for speech (known as a public forum), the government may be constrained by the First Amendment, meaning that the government ordinarily may not exclude speech or speakers from the forum on the basis of viewpoint, or sometimes even on the basis of content.").

[11] *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[12] *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999).

[13] *West*, 487 U.S. at 50 (collecting cases).

[14] *Howerton v. Gabica*, 708 F.2d 380, 384 (9th Cir. 1983).

[15] *Davison v. Randall*, 912 F.3d 666 (4th Cir. 2019).

*First Amendment Institute at Columbia University v. Trump*[16]—and determined that courts should inquire into the social-media page's characteristics, presentation, category, treatment, and use to assess whether a government actor acted under color of state law when barring or otherwise restricting users from his page.[17] Applying those decisions to Phillips's complaint, I noted that the mere fact that Judge Ochoa is a government official is insufficient to show that "the Facebook page was clothed in the authority of state law," and I found that Phillips had failed to allege sufficient facts showing that the judge acted in his official capacity in denying Phillips access to the page.[18]

Since that order, the Eleventh and Eighth Circuits have similarly addressed whether and how government actors may be liable under § 1983 for blocking social-media users. In an unpublished decision, *Attwood v. Clemons*, the Eleventh Circuit followed *Davison* and *Knight* and declined to require dismissal of a § 1983 claim when a government official, who "adorn[ed] his social media accounts with all the trappings of his state office," blocked a user from accessing it.[19] In that case, the official used the page to "make official statements, to share information about legislative activities and government functions, and to communicate with the general public."[20] But in *Campbell v. Reisch*, the Eighth Circuit held that a newly elected legislator acted in her private capacity and could not be liable under § 1983 when she blocked a critical commentator from her election campaign's social-media page.[21] Unlike the *Attwood*

---

[16] *Knight First Amendment Inst. at Columbia Univ. v. Trump*, 928 F.3d 226 (2d Cir. 2019).
[17] ECF No. 64.
[18] *Id.* at 11.
[19] *Attwood v. Clemons*, 818 F. App'x 863, 867 (11th Cir. 2020).
[20] *Id.* at 867.
[21] *Campbell v. Reisch*, 986 F.3d 822, 825–26 (8th Cir. 2021).

defendant, the *Campbell* official merely used the page to announce her candidacy, "solicit[] donations to her campaign," "convince her audience to support her election bid," and "tout her record" and fulfilment of "campaign promises."[22] Consistent with my order dismissing Phillips's claims, both the *Campbell* and *Attwood* courts examined the quality, characteristics, purpose, and use of the government officials' social-media accounts to determine whether those officials acted in their governmental capacities when they blocked users from accessing their pages.

### B. Phillips's amended § 1983 claim

Phillips's new allegations about Judge Ochoa's Facebook page and conduct do not demonstrate that the judge acted under color of state law when he blocked Phillips. Though lengthy, Phillips's amended complaint turns on relatively few, materially relevant new facts. As before, Phillips states that he was blocked from Judge Ochoa's judicial-election campaign pages.[23] He alleges that these pages were entitled, respectively, "Re-elect" and "Elect Vincent Ochoa for Family Court Judge, Department S"—the former of which was registered as a "government[-]official" account on Facebook.[24] According to Phillips, Judge Ochoa used the pages in his "official" capacity as both a judge and candidate for office "to solicit votes from the general public," "communicate and interact with the public about the election campaign," "make posts about his candidacy," "post comments concerning the 2020 election," and "make[]

---

[22] *Id.* at 825.

[23] *Compare* ECF No. 1 at ¶¶ 14, 47, *with* ECF No. 68 at ¶ 8.

[24] ECF No. 68 at ¶ 9.

statements aimed at procuring an 'electoral result or outcome.'"[25] He adds that third parties used the pages to endorse the defendant as "a 'judge' and as a 'candidate.'"[26]

Unfortunately for Phillips, these allegations only undermine his claim because they confirm that Judge Ochoa acted in his personal capacity on his reelection page and not, as Phillips offers, in his official capacity. The decision in *Campbell* guides my analysis. There, the Eighth Circuit examined almost identical allegations to those Phillips asserts, and determined that being blocked on a social-media page used "overwhelmingly for campaign purposes" could not support a colorable § 1983 claim because "[r]unning for public office is not state action; it is private activity."[27] The *Campbell* court added that "the mere fact of [the official's] election did not magically alter the account's character" because "the overall theme" of the page "remained the same after her electoral victory."[28] The Eighth Circuit was similarly unconvinced that registration of the page to a government official somehow transformed it into an "organ of official business."[29] Like the *Campbell* page, Phillips alleges that Judge Ochoa used his Facebook page exclusively for campaign purposes and not official business, so blocking Phillips did not and could not occur under color of state law.

Phillips's allegations also demonstrate that Judge Ochoa's campaign page is fundamentally different from the official accounts at issue in *Knight*, *Davison*, and *Attwood*.[30] In

---

[25] *Id.* at ¶¶ 9, 17, 19, 24–26, 34.
[26] *Id.* at ¶ 29.
[27] *Campbell*, 986 F.3d at 825.
[28] *Id.* at 826.
[29] *Id.*
[30] These decisions are also of limited value because those courts did not have the opportunity to draw a distinction between a campaign page, which any private or public individual may have, and an official page, which only an elected official might operate.

*Knight*, the President used his social-media account in his executive capacity, "announc[ing] 'matters related to official government business," like staff changes and "changes to major national policies"; "engag[ing] with foreign leaders"; and "consistently us[ing] the [a]ccount as an important tool of governance and executive outreach."[31] So too in *Davison*, where the social-media page had been "created and administered" to "further [the official's] duties as a municipal officer," "provid[ing] information to the public about [the official's] and [the board's] official activities."[32] The *Attwood* representative likewise used his account "to make official statements," "share information about legislative activities and government functions," and "to communicate with the general public," all while maintaining and preserving his posts in accordance with the state's public records laws.[33] And Judge Jane Kelly's dissent in *Campbell* impliedly concedes that blocking users on campaign pages, as opposed to pages used to disseminate official information or conduct official duties, is likely not conduct under the color of state law within the meaning of § 1983.[34] Here, the only allegation that even approximates "official" conduct on Judge Ochoa's campaign page—namely, that the judge explained why he was "reluctant to do jury trials in family court"—was clearly designed to further his re-election campaign.[35] These facts cannot support a colorable § 1983 claim.

My reasoning also accords with established precedent. As Judge Ochoa points out, and Phillips entirely concedes, actions taken to further election campaigns are generally treated as

---

[31] *Knight*, 928 F.3d at 235–36.

[32] *Davison*, 912 F.3d at 680.

[33] *Attwood*, 818 F. App'x at 867.

[34] *Campbell*, 986 F.3d at 828 (Kelly, J., dissenting) ("Reisch's election to public office may not have 'magically alter[ed]' the character of her Twitter account, as the court notes, but it did change how she used the account and for what purpose." (alteration in original)).

[35] *See* ECF No. 68 at ¶ 27.

private conduct.[36] And both circuit courts and the Supreme Court have endorsed the right of election campaigners and political associations to "shape their own messages.[37] Phillips offers no reason to deviate from this doctrine. So I find that Phillips, despite having been given a second chance to do so, has failed to allege facts demonstrating that Judge Ochoa blocked Phillips from his Facebook page under color of state law, and I deny as futile his motion for leave to amend.[38]

## II.     Rule 4(m) service

In my order dismissing Phillips's complaint, I also requested that he show cause why his claims against Clark County should not be dismissed under Rule 4(m) for failure to timely serve this defendant.[39] Proffering a "mea culpaa [sic]" in an affidavit filed with the court, Phillips claims that he incorrectly believed that Nevada Attorney General Aaron Ford represented the County and that he could (and would) refrain from serving the County until his claims were

---

[36] *See, e.g.*, *Estate of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 516 (7th Cir. 2007) (noting that acts of "campaign misconduct" do not constitute "actions of a state actor performed under color of state law" but are instead "the private actions of a person who happened to be a [government official]"); *Campbell*, 986 F.3d at 825.

[37] *Perry v. Schwarzenegger*, 591 F.3d 1126, 1142 n.9 (9th Cir. 2009) ("Associations, no less than individuals, have the right to shape their own messages."); *see also Cal. Democratic Party v. Jones*, 530 U.S. 567, 575 (2000) ("Unsurprisingly, our cases vigorously affirm the special place the First Amendment reserves for, and the special protection it accords, the process by which a political party 'select[s] a standard bearer who best represents the party's ideologies and preferences.'" (citation omitted) (alteration in original)); *Nwanguma v. Trump*, 903 F.3d 604, 613 (6th Cir. 2018) (finding that a candidate's request to have protestors removed from his campaign event was not incitement to riot and was, instead, protected speech).

[38] Judge Ochoa also argues that Phillips's motion should be denied because he brought his suit in bad faith. ECF No. 70 at 10–11. Phillips neglects entirely to respond to this argument, filing a one-page reply brief that is merely a highlight reel of his motion's arguments. ECF No. 71. While I do not consider Phillips's alleged bad faith in my order, I could also deny his motion for leave to amend on this uncontested ground.

[39] ECF No. 64.

8

deemed meritorious, given the cost of service.[40]  Because I deny him leave to amend his complaint and dismiss his claims with prejudice, I also dismiss his suit against the County.

### III. Rule 11 sanctions [ECF No. 39]

Phillips seeks sanctions for Judge Ochoa's filing of an "emergency" motion that did not constitute an emergency and his failure to identify the person that blocked Phillips on the Facebook page.[41]  Rule 11(c) authorizes courts to "impose an appropriate sanction on any attorney, law firm, or party" under certain circumstances.[42]  In order to seek sanctions, a party must (1) "describe the specific conduct" that violates Rule 11; (2) serve the motion under Rule 5; and (3) abide by the rule's safe-harbor provision, which requires that a moving party refrain from filing the motion until after the accused has had the chance to withdraw or appropriately correct the challenged conduct.[43]  The Ninth Circuit directs courts to "reserve sanctions for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose."[44]

Phillips admits that he did not comply with Rule 11's safe-harbor provision, failing to notify Judge Ochoa's counsel that he believed the emergency motion was spurious.  This alone is

---

[40] ECF No. 67 at 2–3 ("And, if the Court, respectfully, is inclined to grant leave to amend, Plaintiff promises to faithfully effectuate service on Defendant Clark County forthwith.").

[41] ECF No. 39.

[42] Fed. R. Civ. P. 11(c)(1).

[43] *Id.* at (c)(2).

[44] *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988); *Islamic Shura Council of S. Cal. v. FBI*, 757 F.3d 870, 873 (9th Cir. 2014) ("Rule 11 is intended to deter baseless filings in district court and imposes a duty of 'reasonable inquiry' so that anything filed with the court is 'well[-]grounded in fact, legally tenable, and not interposed for any improper purpose.'" (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990))).

reason to deny his motion.[45]  And while he claims that he could not comply with the safe-harbor provision because the judge "jump[ed] the gun" in filing his allegedly sanctionable motion, his reasoning misreads the rule—the party against whom sanctions are sought must have the opportunity to "withdraw[]" or "appropriately correct[]" the motion.[46]  It also fails to account for the fact that Phillips seeks sanctions for alleged discovery misconduct, which the judge could, and should, have been given the opportunity to remedy.  Regardless, the alleged misconduct Phillips identifies is hardly the type of "baseless" or "improper" filing or behavior the rule seeks to deter.[47]  So I deny his motion.

## Conclusion

IT IS THEREFORE ORDERED that Phillips's motion for leave to file an amended complaint **[ECF No. 66] is DENIED.**  His claims are **dismissed with prejudice**.

IT IS FURTHER ORDERED that Phillips's motion for sanctions against Judge Ochoa **[ECF No. 39] is DENIED**.

The Clerk of Court is directed to ENTER JUDGMENT accordingly and **CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
March 24, 2021

---

[45] *Truesdell v. S. Cal. Permanente Med. Grp.*, 293 F.3d 1146, 1151–52 (9th Cir. 2002) ("Where, as here, sanctions are initiated by motion, Rule 11 provides for a mandatory 21 day safe-harbor period . . . . This period is meant to give litigants an opportunity to remedy any alleged misconduct before sanctions are imposed."); *Barber v. Miller*, 146 F.3d 707–11 (9th Cir. 1998) (vacating a sanctions order because the moving party failed to comply with the safe-harbor provision).

[46] Fed. R. Civ. P. 11(c)(2).

[47] *Islamic Shura Council of S. Cal.*, 757 F.3d at 873.